UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CITY OF VANCOUVER, a Washington
municipal corporation,

    Plaintiff,

v.

PHILIP HOGEN, in his official capacity
as Chairman of the National Indian
Gaming Commission; NATIONAL
INDIAN GAMING COMMISSION,

    Defendants.

CASE NO. C08-5192BHS

ORDER DENYING THE CITY
OF VANCOUVER'S MOTION
TO SUPPLEMENT THE
ADMINISTRATIVE RECORD

This matter comes before the Court on the City of Vancouver's Motion to Supplement the Administrative Record (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants/denies the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The City of Vancouver ("the City") brings this action for declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2210-2202, and the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701, *et seq*. The City challenges Defendants' approval of the Cowlitz Indian Tribe's ("the Cowlitz Tribe") amended gaming ordinances on the grounds

ORDER - 1

that the land on which the Cowlitz Tribe sought to conduct gaming did not constitute "Indian Lands" as defined by the IGRA and applicable regulations. Dkt. 6 at 2.

Three motions are currently pending before the Court: (1) the United States' Motion to Dismiss (Dkt. 19), noted for consideration on August 25, 2008; (2) the City of Vancouver's Motion for Summary Judgment (Dkt. 20), noted for consideration on August 29, 2008; and (3) the City's Motion to Supplement the Administrative Record (Dkt. 21), which has been fully briefed and is ripe for consideration.

## II. DISCUSSION

The City seeks to supplement the administrative record to include the Cowlitz Tribe's Amended Fee-to-Trust Application, dated June 6, 2006, and the Cowlitz Tribe's Amended and Reorganized Request for a Reservation Proclamation, dated August 11, 2006. Dkt. 21. Alternatively, the City requests that the Court take judicial notice of these documents. Dkt. 25 at 1.

**A.     SUPPLEMENTATION**

Principles of administrative law allow consideration of supplemental materials if (1) the materials are necessary to determine whether the agency considered all relevant factors and sufficiently explained its decision; (2) the agency relied on documents or materials not included in the record; (3) the materials are necessary to explain technical terms or complex subject matter involved in the agency action; or (4) a strong showing of agency bad faith is made. *See Inland Empire Pub. Lands Council v. Glickman*, 88 F.3d 697, 703-04 (9th Cir. 1996). Moreover, the Supreme Court has recognized that where "further explanation is necessary to a proper assessment of the agency's decision" because "there was such failure to explain administrative action as to frustrate effective judicial review," the Court may review affidavits, testimony, or additional explanation as necessary. *Camp v. Pitts*, 411 U.S. 138, 142-43 (1973).

The City seeks to supplement the administrative record with two documents on the following grounds:

> These two documents represent the initial filings by the Tribe with the Department of Interior's Bureau of Indian Affairs ("BIA") which precipitated the process that eventually resulted in the NIGC's review and approval of the Tribe's Amended Gaming Ordinance. Thus, they provide a foundational context for the remainder of the Administrative Record in that, without the Tribe's filing of these two documents, no action by the NIGC would have occurred.

Dkt. 21 at 1-2. The City admits that the documents "were not before the NIGC at the time it reviewed and approved the Tribe's Amended Gaming Ordinance." Dkt. 21 at 3. While the City acknowledges the recognized bases for considering extra-record materials, the City fails to demonstrate that any of these bases applies. Rather, the City contends that the documents provide "necessary context." *Id.* at 4. This is an insufficient basis for supplementing the record absent evidence that the documents are necessary to the Court's determination of whether Defendants considered all relevant factors and sufficiently explained the decision, that Defendants relied on the documents despite their failure to include the documents in the record, that the documents would help to explain complex terms or subject matter, or that Defendants acted in bad faith.

In the reply, the City also contends that the United States relied on this extra-record material in the motion to dismiss (Dkt. 19). As this argument appears for the first time in the reply, it will not be considered. The Court notes, however, that the motion to dismiss references AR001643, which summarizes the Cowlitz Tribe's submission of a fee-to-trust application on January 4, 2002, and a revised application on March 12, 2004. *See* AR001643.[1]

**B.    JUDICIAL NOTICE**

The City also asks the Court to take judicial notice of the documents. Dkt. 25 at 1.

Federal Rule of Evidence 201 governs judicial notice of adjudicative facts and provides in part as follows:

---

[1] In references to the administrative record, the Court cites the six-digit document identification numbers of documents in the administrative record as "AR######."

ORDER - 3

> (a) Scope of rule. This rule governs only judicial notice of adjudicative facts.
>
> (b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.
>
> (c) When discretionary. A court may take judicial notice, whether requested or not.
>
> (d) When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.
>
> (e) Opportunity to be heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.
>
> (f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding.

Fed. R. Evid. 201. The request for judicial notice appears for the first time in the City's reply brief, and Defendants have been deprived of an opportunity to be heard. The request is therefore not properly before the Court and will not be considered.

## III. ORDER

Therefore, it is hereby

**ORDERED** that the City of Vancouver's Motion to Supplement the Administrative Record (Dkt. 21) is **DENIED**.

DATED this 23rd day of July, 2008.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4